63,637-03

Date: February 23, 2015

Derrick Polly
609271
Robertson Unit
12071 FM 3522
Abilene, TX 79601

Abel Acosta
Clerk, Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, TX 78711-2308

MOTION DENIED
DATE: 3-13-15
BY: _____ PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 0 2 2015

Abel Acosta, Clerk

RE: WR-63,637-03; Rule 79.2(d) Motion

Dear Clerk:

Enclosed is my second Rule 79.2(d) motion in the above-referenced writ record. I am filing this second motion to higlight that I meet all four critera under Ex parte Moreno, to warrant reconsideration on the Court's own motion.

Please, in presenting this motion to the Court, will you please highlight that I am focusing the Court's attention, specifically, on the four Moreno factors, and requesting them to find that I meet each of the four factors.

Please note that my first Rule 79.2(d) motion did not highlight the four Moreno factors, although I did cite to Moreno as grounds for reconsideration.

Thank you for your service and prompt action in this matter.

Sincerely,

Derrick Polly

Derrick Polly

cc: file

CASE NO. WR-63,637-03

IN THE
TEXAS COURT OF CRIMINAL APPEALS

\* \* \* \* \* \*

EX PARTE
DERRICK POLLY

\* \* \* \* \* \*

## MOTION SUGGESTING THE COURT MOVE ON ITS OWN INITIATIVE PURSUANT TO RULE 79.2(d) TEXAS RULES APPELLATE PROCEDURE

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Derrick Polly, Pro se Movant seeking to move the court with this suggestion, that the Honorable Court reconsider on its own initiative pursuant to Rule 79.2(d) of the Texas Rules of Appellate Procedure its summary denial of Claim One in this Original Post Conviction habeas corpus application, in support of this instrument Movant will submit the following:

## I. PROCEDURE FOR CORRECTING ERROR

Rule 79.2(d) provides a procedure for granting relief where subsequent Supreme Court holdings demonstrates that this Court's original denial of relief was objectively unreasonable. See Exparte Moreno, 245 S.W.3d 419 (Tex.Crim. App.2008)(rehearing and relief grant after Supreme Court clarified this Court's interpretation of Penry I as being objectively unreasonable). See also Ex Parte Moussazadeh, 361 S.W.3d 684,689(Tex.Crim.App.2012) (Concluding original decisions in Evans and Moussazadeh II "were incorrect").

## II. ORIGINAL GROUND ONE

On February 19,2009, Polly filed his original 11.07 habeas application in this case. In his Ground One, Polly alleged his trial counsel was ineffective by failing to convey to him all the terms of the State's plea offer,

-1-

and counsel acted against Polly's will, and without his consent or knowledge when counsel returned an accepted plea offer as refused. See WR-63,637-03, 11.07 Writ Application Page 6; also see Memorandum of Law Page 4-8.

Polly alleged the following facts:

"On 12/06/02, I informed trial counsel that I would accept the ten year plea bargain offer the State presented. At the time counsel did not inform me that one of the terms of the plea agreement that no counter offers would be accepted. On 12/10/02, I was taken to court for a plea bargain sentencing hearing, right before the hearing begin I ask defense counsel to ask the State's Attorney if I could perserve my right to appeal with the plea agreement? Trial Counsel without informing me that no counter offers was one of the agreement terms took it upon himself to return the plea agreement as refused, and announce ready for trial. Such acts were against my will and without my consent or knowledge...." id. at Page 6.

III. ORIGINAL DENIAL OF GROUND ONE

Polly was never provided an opprotunity to develop the material facts for ground one. This Court summarily denied the claim.

In light of the summary denial it appears this Court may have believe it was reasonable under Strickland v. Washington, 104 S.Ct. 2052(1984) for defense counsel to neglect to advise Polly that his request to preserve his right to appeal would be a rejection of the plea offer. Or this Court may have viewed Defense Counsel Aguilar's failure to convey the no-counter offer stipulation to be deficient under Strickland, but in light of further proceedings, in which the State withdrew the plea offer, Polly could not demonstrate the required prejudice necessary to grant relief under Strickland.

IV. SUPREME COURT'S DECISION

The United States Supreme Court has issued two 2012 decisions in Lafler v. Cooper, 132 S.Ct. 1376, and Missouri v. Frye, 132 S.Ct. 1399, that demonstrates this Court's original summary denial of relief of the ineffective assistance of counsel claim relating to the issue of a loss plea offer due to the actions of trial counsel was an obvious and unreason-

able denial of relief because (1) the allegations of fact supported by the record before the Court illustrated POLLY was entitled to an evidentiary hearing for the opportunity to prove prejudice, and (2) the Lafler Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." Id. See also Missouri v. Frye, supra.,(noting that defense counsel must "promptly communicate and explain" plea offers under the professional rules in numerous jurisdictions) Id. at 1408.

V.  ARGUMENT

Polly asserts that the facts of his case present compelling circumstances in light of the fact the Supreme Court in its 2012 rulings in Lafler v. Cooper, 132 S.Ct. 1376, and Missouri v. Frye, 132 S.Ct. 1399, demonstrates this Court's 2010 decision denying Polly's writ of habeas corpus application filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure asserting a claim of ineffective assistance of trial counsel for counsel failing to inform of all of the terms of the plea offer, specifically, that no-counter offers would be accepted, and a counteroffer would be considered a rejection of the plea offer, as well as counsel returning the plea offer for 10 years as refused and announcing ready for trial against Polly's will, and without his consent or knowledge was objectively unreasonable in light of clearly established federal law. Strickland v. Washington, 104 S.Ct. 2052 (1984).

-3-

Polly contends that his case fits squarely between Lafler and Frye to fall into the boundaries of establishing compelling circumstances as identified in Ex Parte Moreno, 245 S.W.3d 419(Tex.Crim.App.2008).

As compared, in Lafler v. Cooper, supra., the habeas petitioner shot a female in her buttock, hip, and abdomen. He was charged under state law with assault with intent to murder. A plea offer was made twice by the State. In communicating with the trial judge Lafler admitted guilt and expressed a willingness to accept the plea offer. Lafler was convinced by his defense attorney to reject the offer because trial counsel believed that the State could not proove intent to murder since the victim had been shot below the waist. The case went before a jury, and Lafler was convicted as charged, and received a sentence larger than what the plea offer was for. Following direct review by the State appellate courts the case went before the federal district court to seek habeas relief for ineffective assistance of trial counsel relating to the loss plea offer. The district court granted a conditional writ, ordering specific performance of the original plea agreement. The federal court of appeals affirmed, and the Supreme Court granted certiorari.

Examining Lafler's claims the Supreme Court held that Strickland applies as clearly established law, to the rejection of a plea offer based on deficient advise. Id. at 1390. Applying Strickland, the court observed that the parties had stipulated that counsel's performance was deficient. Regarding prejudice, the court held that Lafler had successfully demonstrated prejudice by showing that "there is a reasonable probability he and the trial court would have accepted the guilty plea under the plea agreement."In addition, as a result of not accepting the plea and being

-4-

convicted at trial Lafler received a sentence three times greater than he would have received under the plea. This the court held satisified the Strickland test for ineffective assistance during plea bargaining.

In Missouri v. Frye, Supra., the defendant was charge with a Class D felony offense of driving with a revoked license. The prosecution sent two written plea offers to Frye's attorney, the second of which would have reduced the four year charge to a misdemeanor and recommended a 90-day sentence. Defense Counsel let both offers expire without communicating anything to Frye. Before Frye's preliminary hearing he was again arrested for driving with a revoked license. Frye subsequently entered a plea of guilt without a plea agreement. The trial court sentence him to three years in prison. Id. at 1404.

Frye filed for postconviction relief in state court, alleging that his counsel's failure to inform him of the plea offer violated his right to effective assistance of counsel. The trial court rejected the claim, but the Missouri Court of Appeals reversed and granted relief based on Strickland. The state court ordered Frye's guilty plea withdrawn so he could proceed to trial or agree to plead guilty to any offer the prosecutor deemed appropriate. The Supreme Court granted certirari. That court held defendants are entitled to effective counsel during plea negoiations, even where a plea offer is rejected. The Court remanded Frye's case back to the state court for it to determine if Frye could show prejudice, especially in light of his intervening arrest for the same offense while the current charges and plea offer were pending. Id. at 1411.

-5-

As compared, the favorable plea offer was conveyed to Lafler, Polly's trial counsel did inform him that a plea offer for 10 years had been made. See WR-63,637,03, Page 6; see also Memorandum of Law In Support of Writ Habeas corpus Application, Pages 4-8; and Court Reporter's Record Pg. 20, Lines 12-17. Lafler indicating a willingness to accept the plea offer, but rejected the offer on the deficient acts of counsel. Polly having informed his trial counsel he would accept the plea offer, (CRR. Vol.3, Pg.20, supra) but due to counsel's deficiency of failing to inform Polly of the no-counteroffer term within the plea offer Polly made a counteroffer when he ask counsel on Decemeber 10,2002, minutes before the pretrial hearing if counsel would ask the prosecutor if Polly could preserve his right to appeal with the plea offer(see CRR. Vol.3, Pg.25) counsel in an act of deficiency neglected to inform Polly at that time that such request would be a rejection of the plea offer. (see CRR. Vol.8, Pg. 70, Lines 1-25; Pg.71, Lines 1-5) See also Missouri v. Frye, supra, (noting that defense counsel must "promotly communicate and explain" plea offers under the professional rules in numerous jurisdiction). Counsel as well neglected toinform Polly that counsel was considering Polly's request as a rejection of the plea offer, and would be returning the plea offer as refused (see CRR.Vol.8,Pg.70, Lines 14-25; Pg.71, Lines 1-5).

The above facts were asserted in Polly's original 11.07 habeas corpus application with the supporting cited records submitted to this Court, however, this Court in an act of unreasonableness failled to find Polly's trial counsel ineffective under Strickland in light of such facts which the Supreme Court in applying Strickland's two prong test to comparable

-6-

facts in Lafler and Frye found that under established law such facts support a colorable Constitutional claim under the Sixth Amendment righ to effective assistance of counsel. Thus, this Court's 2010 decision denying Polly habeas relief is identifible, as an unreasonable application of the Strickland v. Washington standard.

In Ex parte Moreno, 245 S.W.3d 419 (Tex. Crim. App. 2008), this Court announced that absent compelling circumstances the liklihood of the Court exercising its jurisdiction under Rule 79.2(d) is rare. However, the Moreno Court acknowledged "habeas corpus is an equitable remedy" and "equity aids the diligent". The Court then identified four compelling factors that Polly asserts are present in his case and illustrate the validity of the submission of this motion. These four factors compelled the Moreno Court to relinquish its "hesitation to reconsider and grant relief in the [Moreno] case." These four factors being:

• Moreno objected at trial;

• Moreno raised his claim timely in an initial writ application;

• After Penry III clarified the law, Moreno renewed his claim in a subsequent writ application, which was dimissed as sucessive;

• Moreno then filed a motion suggesting this Court reconsider the issue from his initial writ application on the Court's own motion under Rule 79.2(d).

See Ex parte Moreno, 245 S.W.3d at 428.

Each of the four factors found in the Moreno case is present in Polly's case.

• Polly objected at trial

The record reflects that defense counsel Aguilar went before the trial court and stated the plea offer of 10 years had been returned as refused by Polly. Immediately, Polly objected, informing the trial court that he

-7-

had not refused the plea offer. Polly explained that he had accepted the offer and asked Aguilar to ask the State if he could preserve his right to appeal. (CRR. Vol. 3, p. 25; Lines 1-6)

• Polly raised his claim in his intial application

The record reflects that Polly raised his plea bargin claim as Claim One in his initial application. (WR-63,637-03; Application, p. 6)

• After Lafler/Frye, Polly renewed his claim in a subsequent application

The record reflects that Polly first renewed his ineffective counsel claim in 2012, the very year of the Lafler/Frye decisions clarifying the correct application of the Strickland standard to his plea bargin claim. Like Moreno, this Court dimissed Polly's subsequent application. (WR-63,637-06)

• Polly filed a Rule 79.2(d) Motion in 2013

Despite the apparant merit of Polly's claim, the record reflects that Polly timely presented a Rule 79.2(d) motion suggesting the Court reconsider his intial writ application in light of Lafler/Frye, which the Court inexplicably denied without opinion. (WR-63,637-03) Polly presented an 18 page Rule 79.2(d) motion that comprehensibly demonstrated the Court has unreasonably applied the Strickland standard to his initial Claim One.

This second Rule 79.2(d) motion is presented to the Court so it may decide whether Polly, having clearly met the four Moreno factors, has been overlooked on the critical facts of his Claim One. See Ex parte Moreno, 245 S.W. 3d, at 431 (KELLER, P.J., concurring). In the alternative, this second Rule 79.2(d) motion is presented to demonstrate that the Court must have overlooked the fact that Polly meets each of the four Moreno factors, such that this Court should "reconsider the application in order to correct what the Supreme Court has deemed an obvious and unreasonable error. Id., at 431.

-8-

## PRAYER

Because Polly is clearly entitled to the 10-year plea offer lost as a result of Aguilar's ineffective assistance of counsel, because this Court either overlooked Claim One of the initial application, or unreasonably applied the Strickland standard to Claim One, Polly respectfully prays the Court will find he meets each of the four Moreno factors, and grant him reconsideration of his initial Claim One on the Court's own motion pursuant to Rule 79.2(d), Texas Rules of Appellate Procedure.

EXECUTED this 23 of February , 20 15 .

Respectfully submitted,

Derrick Polly

-9-